*State of Maryland v. Mark Edmund Christian*, *II*, No. 68, September Term, 2018

**POSTCONVICTION PROCEEDINGS — MOTION TO CORRECT THE RECORD — REMAND FOR FURTHER FACT FINDING —** The Circuit Court for Harford County granted Respondent, Mark Edmund Christian, II, postconviction relief based on the presence of an unconstitutional *Unger* instruction in the transcript from Christian's trial. The Court of Special Appeals affirmed that decision. Following this Court's issuance of a writ of certiorari, Petitioner, the State of Maryland, filed a Motion to Correct the Record alleging that the trial judge never issued the improper instruction. The presiding judge's affidavit attesting to that fact raised sufficient uncertainty about what happened at Christian's trial to warrant a remand. Accordingly, the judgment of the Court of Special Appeals is vacated, with instructions to remand the case to the Circuit Court for Harford County for the postconviction court to conduct a hearing at which the court will receive evidence and determine whether the improper jury instruction was, in fact, provided to the jury.

IN THE COURT OF APPEALS
OF MARYLAND

No. 68

September Term, 2018

---

STATE OF MARYLAND

v.

MARK EDMUND CHRISTIAN, II

---

Barbera, C.J.
Greene
McDonald
Watts
Hotten
Getty
Raker, Irma S.,
    (Senior Judge, Specially Assigned)

JJ.

---

Opinion by Barbera, C.J.

---

Filed: May 17, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Petitioner, the State of Maryland, challenges the Court of Special Appeals' decision affirming postconviction relief for Respondent, Mark Edmund Christian, II. Before oral argument in this matter, the State filed a Motion to Correct the Record, which, if granted, would resolve the merits of the State's appeal by eliminating the sole ground for Christian's postconviction relief. Because the record lacks the factual determinations necessary to rule on the State's motion and, in turn, the merits of its argument before this Court, we vacate the judgment of the Court of Special Appeals with instructions to remand the case to the postconviction court for further fact finding.[1]

## I.

## Facts and Procedural History

### A. *The Underlying Convictions*

In March 2012, a jury convicted Respondent Christian of first degree murder, attempted armed robbery, conspiracy to commit armed robbery, and use of a handgun in the commission of a felony or crime of violence. The judge who presided over the trial in the Circuit Court for Harford County sentenced Christian to life plus 30 years' incarceration. The Court of Special Appeals affirmed the convictions, and we subsequently denied Christian's petition for writ of certiorari. *Christian v. State (Christian I)*, No. 636, 2012 Term (Md. Ct. Spec. App. June 4, 2013), *cert. denied*, 434 Md. 312 (2013).

---

[1] Also pending before this Court is Christian's Motion to Strike Appendix in Petitioner's Reply Brief. According to Christian, the appendix includes materials that "are not a part of the record as required by Rule 8-501(f)." Because we do not address here the merits of the appeal and accordingly do not rely on the information contained in the appendix for this opinion, we deny Christian's motion.

*B. Postconviction Relief*

In January 2016, Christian filed a petition for postconviction relief in the Circuit Court for Harford County. He raised several claims of ineffectiveness of trial counsel, only one of which is before us: whether trial counsel rendered ineffective assistance, in contravention of the Sixth Amendment, by failing to object to an unconstitutional *Unger* instruction.[2] According to the trial transcript from February 29, 2012, the trial judge instructed the jury, "Since this is a criminal case, you are judges, *judges of both the law* and the facts." (Emphasis added). In March 2017, the postconviction court granted Christian's petition, finding that trial counsel provided deficient assistance by not objecting to a blatantly improper jury instruction, and ordered a new trial.

The State filed an Application for Leave to Appeal ("ALA") in the Court of Special Appeals. While the application was pending, the State filed in the circuit court a Motion to Reconsider Post-Conviction Relief, requesting an evidentiary hearing. In its motion, the State asserted that the trial judge never gave the improper jury instruction and was prepared to testify to that fact. The postconviction court denied the motion, ruling that it lacked jurisdiction given the State's pending appeal. The court suggested, however, that the State could "seek leave to correct the record" on appeal.

---

[2] An "*Unger* instruction" refers to this Court's decision in *Unger v. State*, 427 Md. 383 (2012), in which we held that "telling the jury that all of the court's instructions on legal matters [are] 'merely advisory,'" *id.* at 417, "constitutes [a] structural error" that can only be cured by a specific instruction stating that "the jury . . . is bound by the presumption of innocence and the beyond a reasonable doubt standard," *State v. Adams-Bey*, 449 Md. 690, 705 (2016).

2

Meanwhile, the Court of Special Appeals granted the ALA and transferred the case to the court's regular docket. The intermediate appellate court affirmed the order granting Christian postconviction relief based on the unconstitutional *Unger* instruction. *State v. Christian (Christian II)*, No. 392, 2017 Term, slip op. at 14 (Md. Ct. Spec. App. Oct. 26, 2018). The Court of Special Appeals also upheld the postconviction court's denial of the State's motion for reconsideration. *Id.* at 23. The intermediate appellate court held that under Maryland Rule 8-414, it had no legal basis to correct the record because the State had not produced an affidavit stating that "the language in the transcript is incorrect." *Id.* at 22-23.

## C. The Pending Motion

In February 2019, we issued a writ of certiorari granting the State's request for further review. *State v. Christian*, 462 Md. 555 (2019). Prior to oral argument, the State filed a Motion to Correct the Record pursuant to Maryland Rule 8-414, asking this Court to "strike the offending language appearing in the February 29, 2012 transcript of Christian's trial." With its motion, the State filed an affidavit from the judge who presided over Christian's trial. In that affidavit, the trial judge asserted that "none of the *Unger* type language was used at all" in Christian's trial. Instead, the judge averred that "the Court Reporter . . . had not been transcribing all of the prefatory, boiler-plate [i]nstructions as I read them but rather used an old template that included this questionable language." Christian opposed the motion as untimely and prejudicial.

3

## II.

### Discussion

An accurate record is crucial to meaningful appellate review. Accordingly, under Maryland Rule 8-414(a), this Court has the authority to correct "a material error or omission in the record." The party moving for a correction must specify which "parts of the record . . . are . . . erroneous." Maryland Rule 8-414(b)(1). A motion that "is based on facts not contained in the record . . . and not admitted by all the other parties shall be supported by affidavit." *Id.* If this Court is unable to "resolve the dispute over what occurred in the lower court, the appellate court may direct the lower court to determine whether the record differs from what actually occurred." Maryland Rule 8-414(b)(2). If appropriate, the lower court can then "conform the record accordingly." *Id.*

The Court of Special Appeals held that the State was not entitled to a record correction because it failed to comply with Maryland Rule 8-414(b)(1) by not supporting its assertions with an affidavit. *Christian II*, slip op. at 23. The circumstances before this Court are different—the State *has* submitted such an affidavit. The affidavit raises serious concerns about the practices of the court reporter who transcribed Christian's trial. The trial judge avers, essentially, that the court reporter had cut language from an old template, which included the improper *Unger* instruction, and pasted it into the trial transcript, rather than transcribing the jury instructions in real time. The affidavit did not include any supporting documentation; however, the trial judge declared under the penalty of perjury that he kept a verbatim copy of "the actual [i]nstructions that were given to the jury" for each case he has presided over during his thirty-plus years on the bench and that no *Unger*-like instruction was given in this case.

4

Such a statement "made under penalty of perjury . . . would appear to have some presumptive validity." *See Romero v. Perez*, No. 27, 2018 Term, slip op. at 21 (Md. Apr. 1, 2019) (citation omitted).

Christian contends nonetheless that the trial judge's affidavit alone fails to establish that the trial judge did *not* include in his instructions the offending language that the jurors were the judges of the law and the facts. In Christian's view, more information is needed "from other parties with potential knowledge," including trial counsel, jurors, and the court reporter, before any correction is justified. He further claims, however, that, should this Court consider a remand, such action is barred by laches because the State's delay in filing the pending motion prejudices him "given [the] obvious and natural problems with memory."

We respond first to Christian's claim of laches and reject it. To prevail on a claim for laches, Christian must prove that "there [was] an unreasonable delay in the assertion [of the opposing party's rights] and that the delay result[ed] in prejudice." *Liddy v. Lamone*, 398 Md. 233, 244 (2007) (citation omitted). A "delay," for purposes of laches, "begins when an individual knew or should have known of the facts concerning the alleged error." *Jones v. State*, 445 Md. 324, 345 (2015). The Court of Special Appeals questioned the timing of the State's actions here, stating, "[i]t is troubling that it took so many years for the State to assert the belated claim that the specific challenged sentence in the trial transcript . . . is simply an error in the transcript." *Christian II*, slip op. at 22. The record reflects, however, that once the State learned about the alleged transcribing error from the trial judge, it immediately highlighted that issue for the trial court in its motion for reconsideration. Nothing in the record suggests that, prior to the trial judge's communication, the State knew or should have known

5

about this issue and declined to act on it.  We glean no "unreasonable delay" from such facts.  *See Liddy*, 398 Md. at 244.

Nor are we convinced that, even if the State's actions were considered "unreasonably delayed," Christian suffered any prejudice.  Memory problems alone do not establish that Christian has been placed in a "less favorable position," i.e., that he has been prejudiced.  *Id.*; *see also Salisbury Beauty Schs. v. State Bd. of Cosmetologists*, 268 Md. 32, 63 (1973) (citations omitted) ("Prejudice or injury to the party raising 'laches' is an essential element.  So long as . . . there is no prejudice . . . laches are inapplicable").  All memory is inherently suspect.  *See, e.g.*, Joyce W. Lacy & Craig E. L. Stark, *The Neuroscience of Memory: Implications for the Courtroom*, 14 Nature Revs. Neurosci. 649, 657 (2013) ("Memory is imperfect and susceptible to distortion and loss.").  Every party in court faces that reality.  That is why the Maryland Rules of Evidence include several prophylactic mechanisms, including, among others, cross-examination, *see* Md. Rule 5-611, and witness impeachment, *see* Md. Rule 5-616(a).  Were memory issues alone enough to preclude further fact finding, the judicial system's ultimate objective of "ascertaining the truth," *Bryant v. State*, 163 Md. App. 451, 485 (2005) (citation omitted), *aff'd*, 393 Md. 196 (2006), would be compromised.  The doctrine of laches does not preclude a remand for a hearing in this case.

"Where there is solid evidence in support of disputed factual allegations, it is proper to place the responsibility for resolving such a conflict 'with the trial court, a tribunal which is in a position vastly superior to that of an appellate court to perform this very important task.'"  *Simpkins v. Ford Motor Credit Co.*, 389 Md. 426, 440 (2005) (citation omitted).  Maryland Rule 8-414(b)(2) authorizes us to do just that.  Again, that part of the Rule provides: "If the

parties disagree about whether the record accurately discloses what occurred in the lower court," and "[i]f the appellate court does not resolve the dispute over what occurred in the lower court, the appellate court may direct the lower court to determine whether the record differs from what actually occurred and, if appropriate, conform the record accordingly." We shall exercise that option here.

Given the nature of the parties' dispute and the few facts currently available to us, we are not in the position at this juncture to rule upon the State's motion to correct the record; rather, a remand to the postconviction court is required. At that time, the parties will have the opportunity to present to the court relevant information, whether documentary or testimonial, that will facilitate the postconviction court's fact findings and ultimate determination of what the trial judge did, or did not, include in his instructions to the jury at Christian's trial.

Pursuant to Maryland Rule 8-604(d)(1), we remand this case for further fact finding. Of course, any decision rendered on remand is subject to appeal. *See* Md. Code (1973, 2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR HARFORD COUNTY TO RENDER FINDINGS OF FACT AND CONCLUSIONS OF LAW CONSISTENT WITH THIS OPINION. COSTS ARE TO BE SPLIT BY THE PARTIES.**

7